IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONNEL SMITH, :

    Plaintiff, : Case No. 3:16-cv-428

vs. : JUDGE WALTER H. RICE

NANCY A. BERRYHILL, : MAGISTRATE JUDGE
   SHARON L. OVINGTON
Acting Commissioner of the
Social Security Administration, :

:

    Defendant.

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #14); OBJECTIONS OF DEFENDANT NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, TO SAID JUDICIAL FILING (DOC. #15) ARE SUSTAINED IN PART AND OVERRULED IN PART; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF DONNEL SMITH AND AGAINST THE DEFENDANT COMMISSIONER, REVERSING THE DEFENDANT COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE COMMISSIONER FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; TERMINATION ENTRY

---

Plaintiff Donnel Smith ("Plaintiff") has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's application for disability benefits. On February 12, 2018, Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #14, recommending that the Commissioner's

decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed as not supported by substantial evidence, and that the captioned cause be remanded for an immediate award of benefits. Based upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court ADOPTS IN PART and REJECTS IN PART the Report and Recommendations and SUSTAINS IN PART AND OVERRULES IN PART the Commissioner's Objections, Doc. #15, to said judicial filing. The Court, in so doing, orders the entry of judgment in favor of Plaintiff and against the Commissioner, reversing the decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act as not supported by substantial evidence, and remanding the captioned cause to the Commissioner for further proceedings consistent with this opinion.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. In the Report and Recommendations, the Magistrate Judge concluded that "[i]n light of the strong evidence of record [supporting a finding of disability,] while contrary evidence is lacking, there is no just reason to further delay this matter by requiring additional administrative proceedings. . . . Accordingly, a reversal of the ALJ's decision and a judicial award of benefits are warranted." Doc. #14, PAGEID #1548. In the conclusion to her Objections, the Commissioner, without further argument or explanation elsewhere in the Objections, argues that "the Magistrate [Judge]'s Report and Recommendation[s] should be rejected and the [Commissioner's Administrative Law Judge's ('ALJ') decision should be affirmed." Doc. #15, PAGEID #1552. The Court agrees with the Magistrate Judge's conclusion that the ALJ erred in his evaluation of the opinions of Giovanni Bonds, Ph.D., Plaintiff's erstwhile treating psychologist, as "[t]here is no indication . . . that the [ALJ] even considered the treating physician rule when he weighed Dr. Bonds'[s] opinions." Doc. #14, PAGEID #1543. As the ALJ's discussion of the other factors required to be considered in weighing Dr. Bonds's opinions, 20 C.F.R. § 404.1527(c)(3-6), was also inadequate, Doc. #14, PAGEID #1543-44, the ALJ's finding of non-disability was not supported by substantial evidence and must be reversed.

2. The Magistrate Judge concluded that the opinions of the Commissioner's record reviewing sources were of "minimally probative" value, while the limitations opined

by Plaintiff's treating sources, Dr. Bonds and Kevin Moffa, M.D., Plaintiff's treating physician, if adopted, would have caused Plaintiff to be found disabled, were backed by the sources' "extensive treatment notes, and the objective medical evidence presented which support their opinions." Doc. #14, PAGEID #1547-48. Accordingly, the Magistrate Judge concluded, all factual issues had been resolved, and remand for an immediate award of benefits, rather than further proceedings, was warranted. *Id.*, PAGEID #1548. Under the fourth sentence of 42 U.S.C. § 405(g), the Court may remand a case for benefits, rather than rehearing, but such a remand "is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994) (emphasis added); *accord*: *Kalmbach v. Comm'r of Soc. Sec.*, No. 09-2076 (6th Cir. 2011) (quoting *Faucher*, 17 F.3d at 176) ("Generally, benefits may be awarded immediately 'only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits.'").

In her Objections, the Commissioner claims that "there was ample evidence in the record contradicting Dr. Bonds'[s] opinion[,]" Doc. #15, PAGEID #1550-51; specifically, the Commissioner's record reviewing sources, Katherine Fernandez, Psy. D., Maureen Gallagher, D.O., Aracelis Rivera, Psy.D., and Esberdado Villanueva, M.D., all opined that Plaintiff was not disabled. *Id.*, PAGEID #1551 (citing Doc. #6-3, PAGEID #138-42, 150, 152-54). Further, while Dr. Moffa opined that Plaintiff would be absent from work at least three days per month, his treatment notes showed largely normal findings between March 2014 and April 2015. *Id.* (citing Doc. #6-10, PAGEID #1444, 1449, 1456-57, 1464-65). In light of such evidence, the Commissioner argues, the captioned cause does not meet

the *Faucher* standard for remand for benefits. *Id.*, PAGEID #1551-52. The Court agrees. Even if, as the Magistrate Judge concluded, the opinions of the record-reviewing sources were "minimally probative," because they were rendered prior to Dr. Bonds's most recent finding, Doc. #14, PAGID #1547-48, such determination and explanation are the province of the Commissioner, not this Court. For that reason alone, remand for further proceedings is required.

Plaintiff argues that the opinions of the Commissioner's record-reviewing sources vis-à-vis the treating sources cannot serve as "the conflicting substantial evidence" upon which a finding of non-disability may reasonably be made. Doc. #16, PAGEID #1556 (quoting *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013)). However, lack of inconsistency with other evidence of record is one of the factors that the Commissioner must consider at both steps of the treating physician rule. 20 C.F.R. § 404.1527(c)(2)(ii), (c)(4). Moreover, any lack of supportability of Drs. Bonds and Moffa's opinions by their treatment notes would also qualify as the requisite "good reasons," *Kalmbach*, 409 F. App'x at 853, for the Commissioner to discount their opinions. It is the job of the Commissioner, not of this Court, to make such determinations, and the Commissioner must have the opportunity on remand to do so.

WHEREFORE, based upon the aforesaid, this Court ADOPTS IN PART and REJECTS IN PART the Report and Recommendations of the Magistrate Judge. Doc. #14. The Commissioner's Objections to said judicial filing, Doc. #15, are SUSTAINED IN PART AND OVERRULED IN PART. Judgment shall enter in favor of Plaintiff and against the Commissioner, reversing the Commissioner's decision that Plaintiff was not

disabled under the Act, and remanding the captioned cause to the Commissioner for further proceedings consistent with this opinion.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 15, 2018

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT